Scribner, J,
This is a proceeding in error to reverse the judgment of the court of common pleas in a case disposed of in that court, in which the plaintiff in error here was the plaintiff, and the defendants in error in this court were the defendants.
On the 22nd of April, 1893, the plaintiff brought an action against the defendants to recover a sum of money alleged by him to have been lost to the defendants, or paid to the defendants, in gaming transactions. The gaming transactions complained of or referred to were certain deals in wheat or grain, which the plaintiff alleges were wagering contracts, fictitious in their character, and simply conducted as a means of betting — a method of betting — upon the price of grain at certain designated periods.
The defendants’ answer in the action denied that they ever entered into or were in any manner ■ connected with any gaming transactions for the plaintiff, or-that they had'anything to do with any wagering contracts, as alleged- by him. They, said that they were commission merchants,’ engaged in the business of buying and- selling-grain in-the market, and’ *574 that as such merchants they were, at the time stated in the' pleadings, employed by the plaintiff to act for him in certain transactions. In substance it is admitted that the plaintiff paid certain sums of money, which are specifically set out in the pleadings, to the defendants, and which were used by" them to purchase and sell grain for the plaintiff. They aver that at certain dates they bought grain for him, on his request, which grain they sold at prices which they state; but they say that these transactions were all legitimate, honest, fair, and without any taint of fraud or of illegality in any manner whatever. They also set out in their answer the moneys which had been paid to them, the quantity of grain that they had purchased on account of plaintiff, the date of purchase, the sum of money which they had received from the sales of grain which they had paid to the plaintiff; and' they assert that there was a balance due them upon these transactions of $646.78, for which, by way of cross-petition, they prayed judgment with interest for the period.
Afterwards, on the 13th of May, 1893, the plaintiff commenced a new action — No. 34,605'. In this action the plaintiff complained that the defendants had converted to their own use certain grain which he had placed in their hands to care for and sell for him at such times as he might order and direct; and he avers that the defendants converted this grain to their own use, and disposed of it without any authority from him, and prayed judgment for the value of the grain which he said they had so converted.
To this petition the defendants also answered, and connected with the answer a cross-petition, in which they denied all the substantial averments by which it was sought to fix liability upon them. They denied that the plaintiff had placed the grain in their hands to be sóidas he might order, or that they violated his instructions in any particular; and they set forth again the same identical account which formed' a- part of their answerto the first petition that was filed, and *575 made substantially the same answer to the petition as was made to the first petition; and they said that upon the account made a part of their answer and cross-petition in this second case, there was due them $646.78, with interest as claimed in their answer in the first case. Upon that they prayed judgment.
The plaintiff replied to this answer and cross-petition, and in that reply, among other things, there .were substantially the same matters as appeared in the original petition, the first petition, filed by him in the case; that is, he alleged that the transactions had with the plaintiff were substantially gaming transactions; that they entered into an arrangement by which, substantially, the plaintiff was to bet or wager on the price of grain, and that he was to be paid differences, there being no purpose nor intention to sell grain for the plaintiff, but merely to bet or wager as to the price of the grain. The material averments of the answer and cross-petition were denied, in so far as they were capable of a separate denial. In the first case there was a cross-petition filed, designated in terms to be a cross-petition. In the answer to that, all the statements of the cross-petition were denied, substantially. In the second case there were matters pleaded by the defendants by way of answer, and then there was added a paragraph — not a separate and distinct cross-petition, but a paragraph in which the defendants prayed that the averments of their answer might be treated as a cross-petition, and that they might have judgment for the sum of $646.78, with interest.
The material averments of the answer in the second case, which also constituted a cross-petition, were denied.
By the verdict of the jury there was returned substantially a verdict for the defendants; but this appears in the record:
“On the 19th day of November, 1894, being the 49th day of the September term, 1894, an order in said cause was made, an entry of which appears on the journal of said court in the words and figures as follows, to-wit:
*576 “(34523) Joseph Miller v. Ezra L. Southworth et al. By consent of all parties, the action, wherein the plaintiff herein is plaintiff, and the defendants here are defendants, No. 34,-605, on the docket of this court, is consolidated herewith, and the petition in said cause No. 34,605 shall be deemed the plaintiff’s second cause of action herein, and the defendants’ answer in said cause No. 34,605 shall be deemed an answer herein to such second cause of action, and the plaintiff’s reply shall be taken as a reply thereto. So much of the defendants’ answer in said cause No. 34,605 as constitutes a cross-petition, being based upon the same account as that set forth herein, is withdrawn.”
So that, according to this arrangement, or this agreement, and the order of the court, the first action —34,523 —which was an action to recover money lost in gaming, was consolidated with the second action — 34,605-—-which was an action to recover the value of the wheat alleged to be converted by the defendant, so that the gaming cause of action constituted the first cause of action in the case, and the action for the alleged conversion, constituting the second action, was to be treated as the second cause of action in the proceeding. And the pleadings in the respective actions were to be taken as filed properly to the different causes of action; so much of the defendants’ answer in cause No. 34,-605 as constituted a cross-petition, being based upon the same account, is withdrawn, so that the second cross-petition, being that filed in the suit for alleged conversion, was withdrawn from the case. And the case, therefore, stood for trial upon the first cause of action, to recover money for alleged gaming transactions, and the second cause of action, to recover for grain of the plaintiff alleged to be converted, and upon the answer of the defendants in each of the cases respectively, and upon the cross-petition filed in the first case, whereby the defendant claimed that upon the facts set forth they were entitled to recover from the plaintiff the sum of $646.78. That was the state of the issues.
*577 “And the plaintiff admits the correctness of all items in the account attached to defendants’ cross-petition herein, except only the credit items of August 22, 1891, August 25, 1891, and all credit items of March 11, 1893; and except the debit items of July 30, 1892; September 1,1892, and all debit items subsequent to March 1, 1893; and the several amounts stated in plaintiff’s petition in cause No. 34,523, aggregating $4,650, alleged in said petition to have been paid to defendants as margins, and the validity, of the several contracts on which said amounts are alleged to have been paid as margins; as to all of which excepted matters the parties are left'to their proofs.”
Then the journal proceeds:
“On the 23d day of November, 1894, being the 53d day of September term, 1894, a verdict in said cause was rendered, an entry of which appears on the journal of said court in the words and figures as follows, to-wit:
“(34,523) Joseph Miller v. Ezra L. Southworth, George B. McCabe, and George A. White—(34,605) Joseph Miller v. Ezra L. Southworth. George B. McCabe, and George A. White.—Joseph Miller v. Ezra L. Southworth et al. This day came the parties by their attorneys, and thereupon a jury being called, one came, to-wit: (and the names of the jurors are entered,) who being duly impaneled and sworn, well and truly to try the issues joined between the parties, having heard the testimony offered by the parties, the argument of counsel and the charge of the court, and being fully advised in the premises, now report their verdict in writing in the words and figures as follows, to-wit:
“Cause No. 34,605 by consent is consolidated with cause No. 34,525. The jury impaneled in the above entitled action having been sworn well and truly to try the issues joined between the parties and a true verdict to render, for verdict find and say, that we find for the defendants. R. G. Bacon, Foreman.”
The following answers to interrogatories propounded by the court were returned by the jury with their verdict:
(This is the first intimation we have anywhere in this record that any interrogatories were submittted to the jury. It *578 appears here that they were propounded by the court to the jury. And the journal proceeds:)
“Joseph Miller, plaintiff, v. Ezra L. Southworth et ah, defendants. Request for Special Findings. — Plaintiff requests the court to direct the jury in the case to make and return special findings, in writing, upon the following questions of fact, to-wit:
The return by the jury shows that as tc the first request they answered ‘yes;’ as to the second request they answered ‘yes’; and as to the third the same answer; as to the fourth, the same answer, as to the fifth,, the same answer; as to the sixth, the jury say that they are unable to answer; as to the seventh, they answer; as to the eighth, they answer; as to the ninth, they answer; as to the tenth, they say that they are unable to answer; and as to the eleventh, they say that they are unable to answer.
Then this appears in the record:
“This cause — -giving the title — coming on to be heard upon the motion of the plaintiff to set aside the verdict, and for a new trial herein, the court on consideration thereof,overruled the same; and to the said order of the court overruling the said motion said plaintiff by his counsel excepts. And the period of fifty days is allowed for the allowance and signing of a bill of exceptions herein, and it is ordered that the journal of this term be for that purpose kept open for said period.’’
Now comes a very material part of the record, relating to the action of the court.- The court, having overruled the motion for a now trial, and allowed him fifty' days for the allowance and signing of a bill of exceptions, took this action:
“And this cause coming on to be further heard on the motion of the defendants for a judgment against plaintiff, in accordance with the prayer of defendants’ cross-petition herein, the court finds that on the trial of this action it whs by the defendants admitted that the account annexed to said cross.-petition was in all respects correct except only the items thereof alleged by plaintiff to represent or be based upon *579 gaming transactions, and except also the items thereof representing or based upon certain sales of the grain described in plaintiff’s petition filed in cause No. 34,605, heretofore consolidated herein, and that said defendants also admitted that the said items so excepted as aforesaid were arithmetically correct. And the court further finds that thereby there was left to the jury heretofore impaneled herein only the issues whether or not the transactions between plaintiff and defendants, alleged by plaintiff to represent or be based upon gaming trasactions, were in fact gaming transactions, and whether or not the defendants were authorized to sell for plaintiff’s account the said grain so described in said petition filed in said cause No. 34,604; that said issues were determined by the verdict of the jury in favor of said defendants; and that there is due to said defendants from said plaintiff upon the account set forth in said defendants’ cross-petition herein, including interest to the first day of this term, to-wit: the 24th day of September, 1'894, the sum of seven hundred and six and 39-100 dollars; and the court does now grant the said motion of said defendants. It is therefore considered by the court that the said defendants, Ezra L. Southworth, George W. McCabe, and George A. White, have and recover from the said plaintiff the said sum ©f $706.39, with interest from the 24th day of September, 1894, together with their costs herein expended, taxed at $ — •—■; to which said orders, findings, and judgment said plaintiff by his counsel excepts. ’ ’
He is allowed fifty days in which to take a bill of exceptions, and the record shows there was taken a bill of exceptions.
The material questions arising upon this recordare these; (not, of course, the only questions that are made by counsel, but the questions which seem to us to be material and controlling): The jury having failed to answer three of the interrogatories submitted under the statute,having in their report stated their inability to answer them — the court then inquired of counsel, as appears by the bill of exceptions taken in the case, as follows:
*580 “The Court (to counsel): Q. Is there any objection to the discharge of the jurors, gentlemen? •'
“Mr. Brown (of counsel for defendants): A. I don’t know of any.
“Mr. Thurston (of counsel for plaintiff): I don’t know of any.
“The court: The jurors are discharged.”
The plaintiff below insists that it was error in the court to have discharged the jury and to have entered judgment upon the general verdict. The statute,as amended, requiring the court to give the jury the especial requests, further provides that if the special findings in any regard differ from the general verdict — are contrary to the verdict, or are inconsistent with it, that the special findings shall control and overrule the general verdict; and they insist that it was the duty of the court, instead of rendering judgment upon the general verdict, to have discharged the jury on account of their inability to agree. In the first place, it is not clear to us but what the questions that were answered by the jury sufficiently covered all the material questions in controversy in the case, and would have warranted the court to render judgment upon the general verdict, notwithstanding the failure of the jurors to agreo upon an answer to each of the three interrogatories which were not answered. But however that may be, we are clearly of the opinion that by the consent of the parties to the discharge of the jury, notwithstanding their failure to answer the three interrogatories, or notwithstanding their statement or the peculiar manner in which that statement was made, all objection on that ground was waived by the plaintiff when,by his counsel, he consented to a discharge of the jury; and that doctrine appears to be settled by the au thorities. But over and beyond that, there is nothing in the bill of exceptions and, nothing in the record which contains any statement that any evidence was .submitted to the jury tending to show any particular matter in the case. The bill of exceptions simply shows this:
*581 “Be it remembered, that at the September term, 1894, of the Common Pleas Court of Lucas County, Ohio, to-wit: at 9 o’clock A. M. on the 23rd day of November, 1894, the jury returned a general verdict for the defendants, as appears of record in this cause, and at the same time returned their answers to the first, second, third, fourth, fifth, seventh, eighth, and ninth interrogatories, included in the plaintiff’s requests for special findings of facts, as appears of record in this cause, but returned no answers to the interrogatories therein contained numbered respectively No. 6, No. 10, and No. 11.”
It does not appear in this bill of exceptions that any evidence at all was submitted to this jury, except inferentially-. There is no statement made upon that subject. It may be fairly inferred from what is stated that testimony of some kind had been submitted, and upon some matters; but whether it was of such character as required the jury to answer these interrogatories, it does not appear, either in the bill of exceptions or in the journal entry. And we suppose the bill of exceptions should at least show that evidence was given tending — but not, perhaps, requiring the parties to set out the testimony — to show this, or that, or the other thing. Then there would be some reasons tending to show that the interrogatories were proper in form, and that an answer should be given. But we suppose that no party, under the broad language of the statute, has a right to insist that a jury shall pass upon and answer certain special interr rogatories, when there is no testimony before them warranting any finding as to those matters; there must be some testimony tending to support some proposition.
For these reasons we think the plaintiff in error is not entitled to have the verdict of the jury disturbed.
Then, as to the action of the court. The jury having returned a general verdict for the defendants upon the issues joined on the pleadings, the court, upon the motion of the defendants below,entered judgment for the defendants upon *582 that general finding, and upon the allegations of their cross-petition, for the sum claimed by them to be due, viz: $706.39. Now, the court bases its finding upon what I have read — upon the admissions which it says were made by the plaintiff upon the hearing. On the trial “it was by the defendants admitted that the account annexed to said cross-petition was in all respects correct, except only the items thereof alleged by plaintiff to represent or be based upon gaming transactions, and except also the items thereof representing or based upon certain sales of the grain described in plaintiff’s petition filed in cause No. 34,-604, heretofore consolidated herein; and that said defendants also admitted that the items so excepted as aforesaid were arithmetically correct. And the court finds that thereby there was left to the jury heretofore impaneled herein only the issues whether or not the transactions between plaintiff and defendants, alleged by plaintiff to represent or be based upon gaming transactions, were in fact gaming transactions. ”
As to that we say that the court was not authorized by any rule of law known to us to proceed and render judgment for a sum of monej claimed by the defendants in their cross-petition upon a mere Sliding by him that the plaintiff on the trial admitted that that sum was due, providing the transactions complained of were not gaming transactions. Mere oral admissions on the trial would not empower the court to go forward and find, as a matter of fact, that the facts so orally admitted on trial were correct: the party would have a right to contest any claim of that sort.
As to the record, we are strongly of the opinion that the statement in the journal entries as to what the parties admitted, was not.proper matter to enter in a journal entry. It should be brought in by some agreement in writing, carried into the record, or by a bill of exceptions. Besides, the matter entered .on the record is not correctly stated by the court. He states in his findings that the counsel for the plaintiff admitted, or admits, that the items were correct. *583 He does not admit that; he doesn’t admit anything of the kind; he admits that the items of the account are correct, except certain items which are specified in its journal entry as found by the court. But he don’t make any admissions whatever as to these special items. He does not admit that they are arithmetically correct. This journal entry expressly states that as to these transactions, and as to “the validity ©f the several contracts on which said contracts are alleged to have'been paid as margins — as to all of which excepted matters the parties are left to their proofs.” We think, therefore, as held by the Supreme Court in Fries v. Mack, 33 Ohio St. page 52, that the court had no warrant or authority for proceeding to inquire into the amount claimed to be due from the plaintiff to the defendants upon their cross-petition; that the only judgment that the defendants were entitled to in the action was a general judgment in their favor. For this reason the judgment of the court below must-be modified. Whether it should be modified by reversing the money judgment and merely leaving the balance to stand, or whether the judgment of the court should be entirely reversed,leaving the verdict to stand,and this court to proceed to render a judgment such as the court below should have rendered, is not a very material matter. We think that the judgment of the court dismissing the plaintiff’s petition should stand, and that the judgment finding an amount due and rendering judgment for that amount, should be reversed, or set aside.
Bailey & Bailey, Harris &■ Thurston, for plaintiff in error.
Brown- & Geddes, for defendants in error.